UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH DOMINQUEZ,          )
                          )
    Plaintiff,            )
                          )
      v.                 )  Civil Action No. 14-1469 (KBJ)
                          )
DIRECTOR OF THE FEDERAL   )
BUREAU OF INVESTIGATION *et al.*,  )
                          )
                          )
    Defendants.           )

## MEMORANDUM OPINION

Plaintiff Ralph Dominquez is a prisoner incarcerated at the Attica Correctional Facility in Attica, New York.[1] In his form "Complaint for Violation of Civil Rights," Plaintiff, proceeding *pro se*, states his claim as follows:

> Everything started when I tried to expose criminal acts and civil rights violations by the D.O.P. and the heads of state responded by seeking restorbution [sic], which if expose[d] would have one question their reasoning in aidding [sic], abetting and, committing that which is clearly defined within both state and federal criminal codes/laws and civil rights.

(Compl. at 5.) Plaintiff wants the Court "[t]o give or show cause why the collective structures should not be investigated, declared a criminal enterprise as [intelligible] by R.I.C.O. and the doctrine of GRAYLORD!" (*Id.*) (emphasis in original.) Plaintiff

---

[1] Plaintiff paid the $400 filing fee applicable to civil actions. In an attachment to the complaint, he points to the discrepancy between the fee he paid and the $350 filing fee listed in 28 U.S.C. § 1914. The "Judicial Conference Schedule of Fees" accompanying § 1914 imposes a $50 administrative fee that "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." Fee Schedule ¶ 14. Since this action falls in neither category, the $400 filing fee applies.

1

names as defendants the Director of the FBI, "United States A.G.," and "Uniformed Federal District Courts for the State of New York." (Compl. Caption.)

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen a prisoner's civil action seeking "redress from a governmental entity or officer or employee [thereof]" and to dismiss the complaint upon determining that it, among other grounds, fails to state a claim upon which relief may be granted. *Id.*, § 1915A (a)-(b)(1). For the following reasons, the Court will **DISMISS** this case. A separate order consistent with this opinion will follow.

The Court has carefully read the complaint. Although *pro se* filings are accorded liberal interpretation*, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), they still must comply substantially with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) ("[A] plaintiff filing pro se [cannot] ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert.").

Rule 8(a) of the Federal Rules of Civil Procedure sets out the minimal pleading standard. A complaint should contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662 677-78 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," and a complaint containing " 'naked assertion[s]' devoid of 'further factual enhancement' " is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 555 (2009)).

Plaintiff has not alleged any facts establishing misconduct for which the named entities can be held liable, nor has he cited a legal basis for his claim. As a general rule, the federal criminal statutes provide no private cause of action. *See Risley v. Hawk*, 818 F. Supp. 2d 18, 21-22 (D.D.C. 1996). And the United States, of which the named defendants are a part, is subject to civil suit only upon consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). To the extent that Plaintiff is seeking to compel an investigation of criminal activity, his claim fails because the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see accord Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same). Hence, 28 U.S.C. § 1915A compels the Court to dismiss this case.

*Ketanji Brown Jackson*
Ketanji Brown Jackson
United States District Judge

DATE: October 3, 2014

3